1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| RANDY E. PERKINS, | CASE NO. 1:08-cv-01282-GSA PC |
| Plaintiff, | ORDER DENYING MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT AS |
| v. | MOOT, AND DENYING MOTION FOR COUNSEL |
| JAMES A. YATES, et al., | (Docs. 16 and 17) |
| Defendants. | ORDER DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE FOR LACK OF JURISDICTION, DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| | (Doc. 17) |
| _____/ | |

10

11

12

13

14

15

16

17

18

19

20

**Screening Order**

21

**I.      Motion for Leave to File Supplemental Complaint**

22

Plaintiff Randy E. Perkins, a state prisoner proceeding pro se and in forma pauperis, filed this

23

civil rights action pursuant to 42 U.S.C. § 1983 and California law on August 29, 2008.  On February

24

6, 2009, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state any

25

claims under section 1983.  On May 12, 2009, after Plaintiff failed to comply with the order, this

26

action was dismissed.  Upon receipt of Plaintiff's motion for an extension of time on May 12, 2009,

27

the Court vacated the dismissal order on May 14, 2009, and granted Plaintiff sixty days within which

28

///

1

1    to file an amended complaint.  On July 17, 2009, Plaintiff filed an amended complaint and a motion

2    seeking leave to file a supplemental complaint.

3           Plaintiff was granted leave to amend and his amended complaint was timely filed.  Plaintiff's

4    motion for leave to file a supplemental complaint is denied.  Fed. Civ. P. 15(d).  Because leave to

5    file a supplemental complaint generally contemplates the filing of a separate pleading setting forth

6    newly accrued claims, Plaintiff's motion is denied as moot given that Plaintiff's amended complaint

7    filed on July 17, 2009, incorporates all of his claims.

8    **II.        Motion for Counsel**

9           In his amended complaint, Plaintiff seeks the appointment of counsel.  Plaintiff does not have

10   a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th

11   Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. §

12   1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296,

13   298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the Court may

14   request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

15          Without a reasonable method of securing and compensating counsel, the Court will seek

16   volunteer counsel only in the most serious and exceptional cases.  In determining whether

17   "exceptional circumstances exist, the district court  must evaluate both the likelihood of success of

18   the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity

19   of the legal issues involved."  Id. (internal quotation marks and citations omitted).

20          In the present case, the Court does not find the required exceptional circumstances.  Even if

21   it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations

22   which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with

23   similar cases almost daily.  Further, based on a review of the record in this case, the Court does not

24   find that Plaintiff cannot adequately articulate his claims, and the Court finds, as set forth below, that

25   Plaintiff's federal claims lack merit.  Id.  Accordingly, Plaintiff's motion for counsel, set forth in his

26   amended complaint, is denied.

27   ///

28   ///

1    **III.    Screening Requirement**

2          The Court is required to screen complaints brought by prisoners seeking relief against a

3    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

4    Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

8    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

9    claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

10         A complaint must contain "a short and plain statement of the claim showing that the pleader

11   is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

12   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

13   do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v.

14   Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  "[P]laintiffs [now] face a higher

15   burden of pleadings facts . . ," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009), and while a

16   plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences,"

17   Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and

18   citation omitted).

19         To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations

20   sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret

21   Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of

22   meeting this plausibility standard.  Id.

23   **IV.    Plaintiff's Amended Complaint**

24         **A.    Summary of Bases for Claims**

25         Plaintiff is incarcerated at Pleasant Valley State Prison (PVSP) in Coalinga, California.

26   Plaintiff, who was transferred to PVSP on July 7, 2005, alleges that Warden James A. Yates, Chief

27   Medical Officer F. Igbinosa, and Does 1-5 have a duty to protect medically vulnerable prisoners from

28   ///

1 placement and/or retention in facilities where Valley Fever is endemic, such as PVSP, and in failing

2 to transfer Plaintiff due to his medical needs, acted with deliberate indifference to his health.

3      At the time of Plaintiff's transfer to PVSP, he was not on any prescription medications. In

4 October of 2005, Plaintiff had a tumor removed from the frontal lobe of his brain at an outside

5 hospital. Shortly after the operation, Plaintiff began experiencing increasing migraine headaches,

6 loss of vision, and equilibrium imbalance. In November of 2005, Plaintiff began to suffer from

7 symptoms associated with Valley Fever. Plaintiff began complaining to prison officials and was

8 finally diagnosed with Valley Fever based on a blood test conducted on February 6, 2006. In March

9 2006, Plaintiff was placed on Diflucan therapy and remained on the medication until September

10 2007, at which time he was taken off the medication based on the determination that he had been

11 cured.

12      Plaintiff's health problems continued, however, despite a serology report indicating that

13 while Plaintiff was positive for coccidioidal antibodies, his titer was "very favorably low." (Doc.

14 17, Amend. Comp., court record p. 17, ¶11.) Plaintiff alleges that the health problems that originated

15 during the time he was ill with Valley Fever never subsided and continued to increase in severity

16 until Plaintiff became dependent upon multiple medications, most of which were to aid his breathing.

17 Plaintiff alleges the damage to his respiratory system caused by his long bout with Valley Fever

18 persists and continues to worsen, leaving him susceptible to reinfection with Valley Fever and

19 problems due to poor air quality.

20      In late 2008 or early 2009, Plaintiff alleges that he became reinfected with Valley Fever.

21 Plaintiff was again placed on Diflucan therapy, which was expected to last into August 2009 or later.

22 Plaintiff alleges that if he is not moved to another prison in a different geographical area, he will

23 continue to be at risk of again contracting Valley Fever and his life is in danger.

24      **B.      Eighth Amendment Claims**

25      The Eighth Amendment protects prisoners from inhumane methods of punishment and from

26 inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

27 Extreme deprivations are required to make out a conditions of confinement claim, and only those

28 deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form

1   the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995

2   (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth

3   Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew

4   of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511

5   U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

6                   **1.      Transfer to and Retention at PVSP**

7           Plaintiff alleges an Eighth Amendment claim premised on basis that, given his medical

8   condition rendering him vulnerable to Valley Fever, his transfer to and continued retention at PVSP

9   is a constitutional violation because the location of the prison is in an area where Valley Fever is

10  endemic and constitutes a substantial risk of harm to Plaintiff. Plaintiff alleges that in failing to

11  transfer him despite his numerous requests and his medical condition, Defendants are acting with

12  deliberate indifference.

13          Assuming that the risk of contracting Valley Fever is higher at PVSP than in other areas of

14  the state and that the disease is fatal in some cases, as alleged, the Court declines to find that the

15  prison itself, due to its location, constitutes a substantial risk of harm to inmates. There is no support

16  for such a sweeping proposition and the Court finds that Plaintiff's Eighth Amendment claim arising

17  from the mere fact that he is being housed at PVSP and prison officials will not transfer him

18  elsewhere, to the extent one is alleged, is not cognizable under section 1983. E.g., Dorsey v. Tilton,

19  No. 08cv0919-JAH (JMA), 2009 WL 5030642, at *9 (E.D. Cal. Dec. 16, 2009); King v. Martell, No.

20  1:07-cv-01283-AWI-GSA (PC), 2009 WL  546212, at *4 (E.D. Cal. Mar. 4, 2009). To the extent

21  that Plaintiff suffered or is suffering from serious medical needs which are not being addressed by

22  prison officials, that claim is addressed in the following section. Plaintiff's Eighth Amendment

23  claim that PVSP itself presents a substantial risk of harm to Plaintiff's health and that the failure of

24  prison officials to transfer him violates the Eighth Amendment is dismissed, with prejudice.

25                  **2.      Disregard of Medical Needs**

26                  **a.      Defendant Igbinosa**

27          Defendant Igbinosa, as Chief Medical Officer, reviewed Plaintiff's inmate appeal at the

28  second level of review, at which time Plaintiff was seeking, in part, a medical transfer out of PVSP.

1   (Amend. Comp., court record pp. 46-48, & 52-53.)  Defendant Igbinosa denied the request for a

2   transfer on the grounds that there was no indication Plaintiff's primary care provider was

3   recommending a transfer, and that it was not medically necessary for Plaintiff to be transferred at that

4   time.  (Id., p. 53.)

5          Under section 1983, Plaintiff must demonstrate that the defendants holding supervisory

6   positions personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930,

7   934 (9th Cir. 2002).  There is no respondeat superior liability, and each defendant is only liable for

8   his or her own misconduct.  Iqbal at 1948-49.

9          In general, review of an appeal and the issuance of an adverse decision do not provide a basis

10  for the imposition of liability on the reviewer.  George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007).

11  Further, the existence of an administrative remedy process does not create any substantive rights

12  such that dissatisfaction with the reviewer's findings and rulings supports a claim for relief for

13  violation of a constitutional right.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v.

14  Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001).

15         Here, there is no support for a finding that Defendant Igbinosa was personally involved in

16  acting with deliberate indifference to Plaintiff's serious medical needs or that Igbinosa knew

17  Plaintiff's constitutional rights were being violated by subordinate staff but failed to prevent the

18  violations.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d

19  554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175,

20  1182 (9th Cir. 2007); Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006); Harris v. Roderick, 126

21  F.3d 1189, 1204 (9th Cir. 1997).  Rather, based on his review of Plaintiff's inmate appeal, Igbinosa

22  concluded Plaintiff was not entitled to a medical transfer.  (Amend. Comp., pp. 52-53.)  Plaintiff's

23  disagreement with the decision that a medical transfer was not indicated does not support a claim

24  under section 1983,  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981), and Plaintiff fails to

25  state a claim against Defendant Igbinosa, Iqbal at 1949-50; Moss, 572 F.3d at 969.[1]

26  _____

27         [1] Plaintiff alleges that Defendant Igbinosa overlooked his chief complaint of lung damage and difficulty
    breathing and instead misconstrued Plaintiff's appeal as seeking a transfer from an area endemic for cocci.  In filing
    his appeal at the first level, Plaintiff sought, in part, a "transfer from hyperendemic area for coccidioidomycosis."
28  (Amend. Comp., p. 46.)  At the second level of review, Plaintiff stated that he is in the small percentage of people

6

1

###### b.      Defendant Yates

2       Plaintiff alleges that Defendant Igbinosa's response to his inmate appeal was made on behalf

3   of Defendant Warden Yates and "with [Yates'] knowledge and tacit approval." (Amend. Comp.,

4   p. 21, ¶18.)  In support of his assertion that Igbinosa acted on behalf of Yates, Plaintiff cites to Cal.

5   Code Regs., tit. 15 § 3084.5, which provides that the second level review of an inmate appeal be

6   conducted by the institution head or his designee.

7       Defendant Yates may not be held liable under section 1983 for the actions Igbinosa took in

8   reviewing and deciding Plaintiff's appeal, Iqbal at 1948-49, and no other basis for liability is

9   presented, Jett, 439 F.3d at 1098; Taylor, 880 F.2d at 1045.  Accordingly, Plaintiff fails to state a

10   claim against Defendant Yates under section 1983.

11

###### c.      Doe Defendants 1-5

12       Doe Defendants 1-4 are staff physicians, and Doe 5 is an infectious disease specialist.

13   Plaintiff alleges that, given their knowledge that Plaintiff was susceptible to contracting the disease,

14   Does 1-5 violated his constitutional rights by failing to ensure that Plaintiff was transferred from

15   PVSP and out of the area known to them to be endemic for Valley Fever. (Amend. Comp., pp. 23-

16   25, ¶¶26-29.)

17       Plaintiff's disagreement with the medical treatment he received from staff physicians at

18   PVSP and the infectious disease specialist, including either their decision that a medical transfer was

19   not necessary or their failure to suggest a medical transfer, does not support a claim under section

20   1983.  Franklin, 662 F.2d at 1344.  The Court finds that Plaintiff has not alleged facts supporting a

21   claim that Does 1-5 violated his rights under the Eighth Amendment.

22   ///

23   ///

24

25   who do not recover from cocci and that he was left with lung damage. (Id., p. 48.)  Plaintiff stated that the treatment
26   he was receiving was not working, it was becoming difficult to breathe, and he wanted a transfer before any
     recurrence caused his condition to become irreversible. (Id.)  Plaintiff's request constituted one for a medical
27   transfer, and Igbinosa found no indication that Plaintiff's doctor had recommended one and stated that a transfer was
     not medically necessary.  Based on the allegations and exhibits, there is no support for the position that Igbinosa
28   misconstrued or ignored the appeal issues to the extent that he knowingly disregarded a substantial risk of harm to
     Plaintiff. Farmer, 511 U.S. at 837.

7

1    **V.      Conclusion and Order**

2            Plaintiff's amended complaint does not state any cognizable claims for relief under section

3    1983.  Plaintiff was previously given leave to amend to cure the deficiencies in his claims, and the

4    Court finds that further leave to amend is not warranted.  Noll v. Carlson, 809 F.2d 1446, 1448-49

5    (9th Cir. 1987).  The Court does not reach Plaintiff's state law claims because absent the existence

6    of a viable federal claim, the Court lacks jurisdiction over the state claims.  28 U.S.C. § 1367(a);

7    Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).  The state claims

8    shall be dismissed, without prejudice, and this action shall be dismissed, with prejudice, for failure

9    to state a claim under section 1983.

10           Accordingly, it is HEREBY ORDERED that:

11      1.      Plaintiff's motion for leave to file a supplemental complaint, filed July 17, 2009, is

12              denied as moot;

13      2.      Plaintiff's motion for counsel, set forth in his amended complaint, is denied;

14      3.      Plaintiff's state law tort claims are dismissed, without prejudice, for lack of subject

15              matter jurisdiction;

16      4.      This action is dismissed, with prejudice, for failure to state a claim under section

17              1983; and

18      5.      The Clerk of the Court shall enter judgment.

19

20

21       IT IS SO ORDERED.

22    **Dated:    January 11, 2010**              **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28